**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4149**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DEREK RICHARDSON, a/k/a Weasel,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrance W. Boyle,
District Judge.  (5:10-cr-00152-BO-1)

───────────

Submitted:  November 29, 2011       Decided:  December 6, 2011

───────────

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C.,
Jacksonville, North Carolina, for Appellant.  Jennifer P. May-
Parker, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Derek Richardson pled guilty to possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2006). Richardson was sentenced to 210 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Richardson has filed a pro se supplemental brief raising additional issues. We affirm.

I

Richardson contends in his pro se brief that his plea was involuntary because the court failed to advise him at the Fed. R. Crim. P. 11 hearing of the applicability of the Fair Sentencing Act of 2010 (the FSA). Richardson committed the offense on January 18, 2009, when the penalty for his offense was five to forty years in prison. The FSA, which became effective on August 3, 2010, lowered the penalty to "not more than twenty years." 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2011). Richardson believes that the court's failure to inform him of the statutory amendment at the August 16, 2010 plea proceeding rendered his plea involuntary.

2

Because Richardson did not move in the district court to withdraw his plea, we review the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). After carefully reviewing the transcript of the Rule 11 hearing, we discern no such error. We note that the district court correctly advised Richardson that he was subject to a term of imprisonment of five to forty years. Under the Savings Statute, 1 U.S.C. § 109 (2006), a defendant generally is not entitled to "application of ameliorative criminal sentencing laws repealing [or amending] harsher ones in force at the time of the commission of the crime." See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011). Thus, Richardson's plea was not rendered involuntary by the failure of the district court to advise him about the FSA.

Richardson also argues that his plea was involuntary because the district court did not inquire about his claimed attention deficit hyperactivity disorder (ADHD) or the impact of his having only an eighth grade education on the voluntary and knowing nature of his plea. Richardson did not mention at the hearing that he suffers from ADHD. Further, the district court substantially complied with Rule 11, and Richardson was represented by counsel at the hearing. We conclude that he has not presented "credible evidence that his plea was not knowing

3

or otherwise involuntary." See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

II

Both counsel in the Anders brief and Richardson in his pro se brief contend that the 210-month sentence is unreasonable because Richardson did not receive the benefit of the FSA. We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first determine whether the district court correctly calculated the defendant's advisory Guidelines range, considered the applicable 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Id.

Because Richardson did not raise his contention in the district court, our review is for plain error. See id. at 577. Even if the FSA applies retroactively to a defendant, such as Richardson, whose offense occurred prior to the effective date of the FSA, but who was sentenced after that date, Richardson

4

cannot establish plain error: he was sentenced to 210 months in prison — within the statutory range established by the FSA; his advisory Guidelines range under both pre-FSA and post-FSA Guidelines is 210-262 months; and he was sentenced at the lowest point of that range.

We conclude that the 210-month sentence is neither procedurally nor substantively unreasonable. The sentence, which falls within the properly calculated Guidelines range, is presumptively reasonable, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and Richardson has not rebutted this presumption.

III

Finally, Richardson claims in his pro se brief that his attorney was ineffective. To allow for adequate development of the record, a defendant ordinarily must raise a claim of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion unless ineffectiveness conclusively appears on the face of the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). No such ineffectiveness appears on the record.

IV

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>